UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12026-RWZ

MICHAEL W. LODGE, SR.

v.

HAROLD CLARKE

ORDER

December 5, 2012

ZOBEL, D.J.

     Michael Lodge, Sr., filed this petition for a writ of habeas corpus on November 25, 2009.  On the same day he moved to stay the proceedings.  Judge Gertner ordered service of the petition on January 12, 2010, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and after several extensions to file responsive pleading, respondent, on March 12, 2010, moved to dismiss.  Petitioner countered with a motion to withdraw the petition and on July 13, 2010, Judge Gertner allowed the motion to stay (Docket # 2) and ordered petitioner to provide the court and counsel with proof that state claims are exhausted by September 17, 2010.  She also found moot respondent's motion to dismiss (Docket # 9) and petitioner's motion to withdraw (Docket # 15) "until the question of what has or has not been exhausted has been clarified."

     Having heard nothing from petitioner in September 2010, Judge Gertner noted the deficit, but gave him until April 15, 2011, to provide a status report.  Petitioner responded on March 18, 2011, with yet another motion to stay to which is appended a

copy of the docket sheet in the Superior Court.

The case was reassigned to this session on June 21, 2011, and has lain fallow until November 9, 2012, when respondent requested an order to direct petitioner to file a status report. Petitioner opposes the motion on the ground that it is "premature and redundant." He states that counsel is representing him in post-conviction matters as of December 2011 and that he "is working diligently to resolve his issues in the State Court." That is not enough. In order for the court to decide the propriety of the stay, it needs sufficient facts to enable it to make that judgment. See Rhines v. Weber, 544 U.S. 269, 276-79 (2005). This petition was filed more than three years ago and has been stayed ever since. Moreover, petitioner has yet to provide a report detailing the status of his unexhausted claims despite several orders to do so and extensions of time to accomplish the task.

Respondent's motion for an order directing petitioner to file a status report (Docket # 19) is allowed. On or before January 11, 2013, petitioner shall submit a report that describes 1) the current status of all post conviction motions filed in the trial court together with 2) the current status of any appeal pending from the judgment or rulings on post-conviction motions. In default thereof the petition will be dismissed.

|  |  |
|---|---|
|    December 5, 2012    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |